UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL M. SOFIA, Individually and on Behalf of all Others Similarly Situated,<br><br>                                         Plaintiff<br><br>- against -<br><br>DELAWARE NORTH ISLANDIA PROPERTIES LLC,<br><br>                                         Defendant | 17 Civ. 4898<br><br>**COMPLAINT**<br><br><br>**JURY DEMAND** |

Plaintiff, Daniel M. Sofia, complaining through his attorneys from the Law Offices of James E. Bahamonde, respectfully alleges against Defendant:

### NATURE OF THE CASE

1.     In violation of well-settled, two-decade old law, Defendant has chosen a policy not to remove several unlawful architectural barriers which exist at its public accommodation. Instead, Defendant has chosen to exclude Plaintiff and all other disabled persons, who use wheelchairs and scooters, from having access to and use of many parts in features of Defendant's public accommodation.

2.     Plaintiff files this action for himself and as an action for those similarly situated, complaining of violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 (hereinafter "ADA"), New York State Civil Rights Law § 40-c and 40-d, and New York State Human Rights Law § 296 *et seq*.

3.     Plaintiff seeks damages, declaratory and injunctive relief, as well as fees and costs against the Defendant.

## VENUE AND JURISDICTION

4.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.

5.      The Court has supplemental jurisdiction over Plaintiff's allegations arising from Defendant's state law violations pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, alleged herein, occurred in this district.

7.      The jurisdiction of this court is invoked pursuant to 28 U.S.C. Sections 1331 and 2201 and through the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

## PARTIES

8.      That at all times hereinafter mentioned, Plaintiff is now, and at all times mentioned in this complaint, a resident of Suffolk County, New York.

9.      Defendant DELAWARE NORTH ISLANDIA PROPERTIES LLC is a foreign limited liability company authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as **New York** County.

10.     Defendant DELAWARE NORTH ISLANDIA PROPERTIES LLC is the owner of the commercial property which houses a public accommodation named Jake's 58 Hotel & Casino located at 3635 Express Drive North, Islandia, NY.

11.     Upon information and belief, Defendant DELAWARE NORTH ISLANDIA PROPERTIES LLC owns, operates, and manages a public accommodation named Jake's 58 Hotel & Casino located at 3635 Express Drive North, Islandia, NY.

## CLASS ACTION

12.     Plaintiff brings this suit for declaratory and injunctive relief and, as a class action for all those similarly situated, who, as persons who must use wheelchairs by reason of various disabilities, and who use or desire to use the services and accommodations offered to the public by Defendant, are protected by, and are beneficiaries of the ADA and New York State Human Rights Law.

13.     Plaintiff, complaining for himself and all others similarly situated residents in Suffolk County and State of New York hereby alleges: (a) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; (b) there are questions of law or fact common to the class which predominate over any questions affecting only individual members; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (d) the representative parties will fairly and adequately protect the interests of the class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

14.     References to "Plaintiffs" shall be deemed to include the individually named Plaintiffs, and each member of the Class, unless otherwise indicated.

## STATUTORY SCHEME

15.     The 2010 United States Census indicates that more than 56.6 million persons in the United States have a disability.  The 2010 US Census also indicates that more than 1.39 million New Yorkers have a mobility disability.

16.     The ADA and New York State Human Rights Law recognize individuals with disabilities

as a protected class.

17. The ADA and New York State Human Rights Law recognize individuals with disabilities as a protected class.

18. It is unlawful for a private entity which owns, leases to or operates a place of public accommodations to discriminate against an individual with a disability.

19. The ADA and New York State Human Rights Law requires a public accommodation to be readily accessible to and usable by a disabled individual.

20. Defendant is required to remove all readily achievable barriers which denies a disabled individual with the opportunity to participate in or benefit from services or accommodations on the basis of disability.

21. Failure to remove all readily achievable architectural barriers is defined as disability discrimination in violation of the ADA and New York State Human Rights Law.

22. The ADA requires a public accommodation to make reasonable modifications to the policies, practices, or procedures to afford access to persons with disabilities that is equal to the access afforded to individuals without disabilities.

23. The landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation have a non-delegable duty to comply with the ADA.

24. The landlord and owner of a property which houses a public accommodation are liable for their tenant's failure to comply with the ADA and New York State Human Rights Law. Property leases which contain contradictory language is superseded by the ADA.

25. Discriminatory intent is not required to establish liability under ADA and New York State Human Rights Law.

4

26.     Discriminatory intent is not required to establish liability under ADA and New York State Human Rights Law.

## FACTUAL BACKGROUND

27.     Plaintiff has been diagnosed with cerebral palsy and cannot walk. As a result, he uses a wheelchair for mobility.

28.     Defendant DELAWARE NORTH ISLANDIA PROPERTIES LLC owns or leases the commercial property which houses the public accommodation named Jake's 58 Hotel & Casino located at 3635 Express Drive North, Islandia, NY (hereinafter 'facility').

29.     Defendant owns or operates the public accommodation named Jake's 58 Hotel & Casino located at 3635 Express Drive North, Islandia, NY.

30.     In 2016/2017, Defendant purchased and substantially renovated the commercial property located at 3635 Express Drive North, Islandia, New York. A significant amount of the renovations were to the areas which affects or could affect access to or usability of its place of public accommodation.

31.     In 2017, Plaintiff has gone to Defendant's public accommodation several times. Each time, Plaintiff encountered several inaccessible slot machines.

32.     Each inaccessible slot machines has an affixed seat. The affixed seat prevents Plaintiff and all others similarly situated from accessing the slot machine.

33.     Defendant provides complementary self-serve soft drinks to its patrons. However, the self-serve soft drink machine is at an inaccessible height and cannot be reached by plaintiff and all others similarly situated.

34.     The operable parts of Defendant's self-service soft drink machine are more than 48

inches high. Consequently, Plaintiff, an individual who uses a wheelchair, cannot reach the soft drink machine.

35. Plaintiff has the intention to patronize Defendant's public accommodation when it becomes readily accessible to and usable.

36. The removal of existing architectural barriers is readily achievable.

37. To date, Defendant has failed to remove the architectural barriers.

## FIRST CAUSE OF ACTION
### (Violations of the Americans with Disabilities Act)

(Injunctive Relief)

38. Defendant's facility named Jake's 58 Hotel & Casino located at 3635 Express Drive North, Islandia, NY is a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181; 28 C.F.R. § 36.104.

39. Defendant has failed to make adequate accommodations and modifications to its public accommodation named Jake's 58 Hotel & Casino located at 3635 Express Drive North, Islandia, NY.

40. Defendant has failed to remove all architectural barriers and communication barriers that are structural in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

41. There exist readily achievable modifications which would make Defendant's public accommodation accessible and readily usable by Plaintiff and all others similarly situated.

42. Defendant failed to make the necessary readily achievable modifications to its public accommodation.

43. Upon information and belief, since 1992, Defendant's facility has undergone alterations to the areas which affects or could affect access to or usability of its place of public accommodation.

6

44. It is not impossible for Defendant to remove the architectural barriers which exist at its facility.

45. Defendant's public accommodation was first occupied after January 26, 1993. (new construction requirements).

46. Defendant failed to design and construct its facility that is readily accessible to and usable by Plaintiff in violation of 42 U.S. Code § 12183(a)(1).

47. It is not structurally impracticable for Defendant's facility to be accessible.

48. Defendant failed to alter its facility to the maximum extent feasible in violation of 42 U.S. Code § 12183(a)(2).

49. Defendant's facility is not fully accessible to, or readily useable by individuals with disabilities.

50. Features of Defendant's public accommodation inaccessible to Plaintiff, and others similarly situated, are including but not limited to:

   a. There is insufficient clear floor space in front of each slot machine in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D §309.

   b. Defendant does not provide a minimum number of accessible parking in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix B § 208.

   c. The handicap parking spaces are in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D § 502.

   d. Defendant does not provide sufficient number of accessible parking spaces in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix B § 208.

   e. Defendant does not provide van accessible parking in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D § 502.2.

   f. The existing access aisles have incorrect dimensions can do not provide access to individuals who use wheelchairs in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D § 502.3 and New York State Building Code.

   g. The side flares of the curb ramps are steeper than 1:10. Consequently, the sidewalk/walkway has incorrect dimensions at each place where the curb ramp meets the sidewalk/walkway.

    h.    Upon information and belief, the grab bars in Defendant's bathrooms are of incorrect dimensions and in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D § 604.5.

    i.    Upon information and belief, the Defendants lavatories and sinks are inaccessible in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D § 606.

51.    Defendant has discriminated against Plaintiff, and all others similarly situated, on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its public accommodation in violation of 42 U.S. Code § 12182(a).

52.    Defendant has subjected Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements, denial of opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Defendant in violation of 42 U.S. Code § 12182(b)(1)(A)(i).

53.    Defendant has not afforded Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii)..

54.    Defendant has provided Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different and separate from that provided to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

55. Defendant has not afforded plaintiff, and all others similarly situated, the goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate in violation of 42 U.S. Code § 12182(b)(1)(B).

56. Defendant has denied Plaintiff, and all others similarly situated, the opportunity to participate in such program or activities that is not separate or different in violation 42 U.S. Code § 12182(b)(1)(C).

57. Defendant has imposed or applied an eligibility criteria that screened out or tended to screen out Plaintiff, and all others similarly situated, from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations being offered in violation of 42 U.S. Code § 12182(b)(2)(A)(i).

58. Defendant has failed to make reasonable modifications in their policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiff in violation of 42 U.S. Code § 12182(b)(2)(A)(ii).

59. Defendant should have achieved accessibility by January 26, 1992.

60. The barriers to access Defendant's facility continue to exist.

61. Reasonable accommodations exists which do not impose an undue hardship on the operation of the Defendant's program or activity.

62. Reasonable accommodations could be made which do not fundamentally alter the nature of the Defendant's program or activity.

## SECOND CAUSE OF ACTION
### (Violations of New York State Human Rights Law)

(Injunctive Relief and Damages on Behalf of Plaintiffs)

63.     Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

64.     Defendant's facility named Jake's 58 Hotel & Casino located at 3635 Express Drive North, Islandia, NY is a public accommodation within the meaning of New York State Human Rights Law § 292(9).

65.     Defendant has not provided Plaintiff and others similarly situated with evenhanded treatment in violation of New York State Human Rights Law § 296.

66.     Defendant's direct or indirect unevenhanded treatment of Plaintiff and others similarly situated is demonstrated when he was segregated from all other customers.

67.     Defendant has, because of Plaintiff's disability, directly or indirectly, refused, withheld from or denied Plaintiff any of the accommodations, advantages, facilities or privileges of their public accommodation.

68.     Defendant has demonstrated that the patronage or custom thereat of Plaintiff and others similarly situated, is unwelcome, objectionable or not acceptable, desired or solicited.

69.     Defendant and its agents discriminated against Plaintiff in violation of New York State Human Rights Law § 296.

70.     Defendant discriminated in against Plaintiff by creating, fostering, and otherwise failing to prevent or remedy the discrimination against Plaintiff, in violation of New York State Human Rights Law § 296.

71.     As a direct and proximate result of Defendant unlawful discrimination in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer mental

anguish and emotional distress.

## THIRD CAUSE OF ACTION
### (Violations of New York State Civil Rights Law)

(Statutory Damages on Behalf of Plaintiffs)

72. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

73. On the basis of Plaintiff's disability, Defendant has violated his Civil Rights.

74. Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law § 40-c and 40-d, in the amount of $500 for each and every violation.

75. Pursuant to NY Civil Rights law, Defendant is guilty of a class A misdemeanor.

76. Notice of the action has been served upon the Attorney-General as required by Civil Rights Law § 40-d.

## FOURTH CAUSE OF ACTION
### (Declaratory Relief)

77. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

78. Plaintiff is entitled to a declaratory judgment concerning the violations committed by Defendant specifying the rights of Plaintiff and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services provided by Defendant.

### INJUNCTIVE RELIEF

79. Issue a permanent injunction enjoining Defendant from disability discrimination.

80. Issue a permanent injunction ordering Defendant to alter its facility to make such facility readily accessible to and usable by individuals with disabilities.

81. Issue a permanent injunction requiring Defendant to make all necessary modifications

to Defendant's policies or practices so that Plaintiff and other persons similarly situated will not be subject to further unlawful discrimination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief from the Court:

A.     Certify this case as a class action;

A.     Issue a permanent injunction 1) proscribing disability discrimination, 2) requiring Defendant to alter its facility making such facility readily accessible to and usable to individuals with disabilities, and 3) compelling Defendant to make all necessary modifications to Defendant's policies or practices so that Plaintiff will not be subject to further discriminationin accordance with New York State Human Rights Laws and Title III of the ADA.

B.     Enter declaratory judgment, specifying the violations of the ADA and New York state law and declaring the rights of Plaintiff and other persons similarly situated as to Defendant's policies, practices, procedures, facilities, goods and services offered to the public.

C.     Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold Defendant liable for $500 for *each* and every violation.

D.     Pursuant to New York State Civil Rights Law § 40-d, find Defendant guilty of a class A misdemeanor for violating New York State civil rights law.

E.     The court retain jurisdiction over the Defendant until the court is satisfied that the Defendant's unlawful practices, acts and omissions no longer exist and will not reoccur.

F.     Award Plaintiff compensatory damages in the amount of $10,000 for Defendant's discrimination in violation of New York State Human Rights Law.

G.     Award Plaintiff punitive damages in the amount to be determined at trial for

Defendant's violation of New York State Human Rights Laws.

H.   Find that Plaintiffs are a prevailing party in this litigation and award reasonable attorney fees, costs and expenses, and such other and further relief, at law or in equity, to which the Plaintiff and other persons similarly situated may be justly entitled.

I.   For such other and further relief, at law or in equity, to which the Plaintiff and other persons similarly situated may be justly entitled.

Dated: August 19, 2017

LAW OFFICES OF JAMES E. BAHAMONDE, P.C.

X _____ *J-B* _____

JAMES E. BAHAMONDE, ESQ.
Attorney for the Plaintiff(s)
Tel: (646) 290-8258
Fax: (646) 435-4376
E-mail: James@CivilRightsNY.com